The opinion of the Court was delivered by ■
Wardlaw, Ch.
According to the proof, which consists of the admissions of the answer, the demand of the plaintiff is nakedly for money lepd out for the use of the defendant, which might have been recovered at law by action of as-sumpsit, and if' the case made had been stated in the bill it would not have been within the jurisdiction of this Court. If the suit related to matters which had been personally transacted by the plaintiff, or which ought to have been within his personal cognizance, the Court would not have entertained his suit, however plausibly he might have mis-stated the facts to make a case prima facie within the jurisdiction of the Court. But here the plaintiff is the representative of one deceased, sues concerning matters not within his full knowledge, transacted by his testator and apparently justifying the misapprehension of plaintiff. He states a case clearly within the sphere of Equity of the joint purchase of land by his testator and defendant — requires from the defendant discovery of the facts, and prays for partition, account for the rents and profits, and for general relief. We have no reason to suspect that his plaint was merely pretensive. The answer denied partner *60 ship in the purchase of the land, yet confessed that testator of plaintiffs had advanced the sum of $2,140, which was appropriated towards its purchase. In Nix vs. Harley, 3 Rich. Eq. 383, I had occasion to express opinions which I still entertain. “The remedy to be afforded in a cause in Equity depends upon the whole pleadings of the cause. The case stated by a plaintiff may be so varied .by the answer of defendant or the proofs, that a plaintiff may be barred from the special remedy he. seeks, yet under the prayer for general relief the Court will afford such remedy as is proper under all the circumstances of the case. The plaintiffs present a case in which jorima fade the peculiar remedy prayed for, specific delivery of a slave, was just and equitable; and they may not have had the means of knowing and were not bound to anticipate the defences of defendant. The whole case is before us, and in avoidance of further litigation we will decide upon the rights of plaintiffs and the defences of defendants.” In that case the Statute of Limitations was held to bar some of the plaintiffs and vest their shares in defendant, and partition, not specially prayed for, was decreed. It is said in Story’s Eq. 64, 71, that where the jurisdiction of Equity once attaches for discovery, and discovery is obtained, the Court will further entertain the bill for relief, if the plaintiff prays relief, to avoid multiplicity of suits. In Sims vs. Aughtery, 4 Strob. Eq. 121, it is said, “plaintiffs had a right to come into this Court to seek discovery, and the Court, having entertained the bill for this purpose, had a right to retain it for judgment. In Backler vs. Farrow, 2 Hill Ch. 111, it was held that “having proper jurisdiction of the cáse, there is hardly any question in relation to property which this Court may not determine incidentally, for the ‘purpose of doing complete justice and preventing multiplicity of litigation. A bill will not lie for waste merely, but if the party be properly in Court for another purpose, as to obtain an injunction, an account -of past waste will be granted.” See Reese vs. Holmes, 3 Rich. Eq. 532. We approve the doctrine of Chancellor Harper, *61 adopted by the Circuit Chancellor in this case, that “where a proper case is made, though the specific relief prayed for cannot be granted, yet, if there be a prayer for general relief, the proper relief will be afforded.”
The defendant in his answer avowed his readiness to pay the $2,140 advanced by the testator of plaintiff, and it is stated by the Counsel of defendant that the principal sum has been actually paid. The other question in the cause, indeed the only practical question, for the defendant was exempted from the costs accrued at the hearing, is whether defendant should pay interest on the sum advanced to him by testator before demand of payment was made by the bill, there being no evidence of any previous demand of payment. It is admitted by the answer that the money advanced by plaintiff’s testator was used by defendant in extinguishment of interest on his bonds, which would otherwise have fallen upon him. Before the argument of this case I thought it indisputable that in the absence of contrary stipulation, money lent or laid out for the use of another, bore interest fromi the date of the loan or advance, and created a debt then demandable. Story on Con. 1156, n. Undoubtedly one may lend money to another and stipulate that no interest shall accrue until a future day, when the principal shall be repaid or demand of payment be made, and such stipulation is justly inferred from a note for money borrowed, payable on demand. The case of Schmidt vs. Limehouse, 2 Bail. 276, quoted to us in proof that a note payable on demand bears no interest before demand, explicitly asserts that.“for money had and received, money lent or paid, interest is generally recoverable from the day on which it is received, lent or paid, for it is at that moment the law imposes the duty to pay it, and it is then due and payable.” Clearly the parties may postpone by contract the day of payment, and consequently postpone the interest which would otherwise accrue; but in the absence of contract to the contrary, interest accrues from the date the principal is *62 due. In this Court where ever money has been received by a party which exequo et bono he ought to refund, interest follows as a matter of course. Smith vs. Godbold, 4 Strob. Eq. 188. Harrison vs. Long, 4 Des. 113.
It is supposed by us that this point as to interest would not have been mooted, if the efficacy of the answer had not been misapprehended. The answer admits the borrowing and use of the money, but affirms that defendant understood it was not to be repaid until demanded. The answer does not affirm any agreement of the parties to this effect, and if it had, the plaintiff might use the answer as proof by admission that the money had been borrowed and used, without conceding the avoiding statement of defendant that the money was not due and payable until demanded. This matter of avoidance is an independant defence of defendant, and needs, like other pleas, proof from the affirmant. Without affecting much research on the subject, I find in a single volume of our reports, 5 Rich- Eq., several cases on this point. In Duncan vs. Dent, p. 12, it was held that the answer of defendant, an administrator to a bill against him for account, alleging that he had kept the funds in his hands without making interest, required proof of the allegation on his part. In Ison vs. Ison p. 18, the defendant in his answer admitted the gift of a stallion to him by his intestate father, but alleged that he had paid for him; and it was held that this payment, as a matter of avoidance, must be proved by defendant. In Reeves vs. Tucker, p. 150, the defendant, executor and legatee in a bill for account, alleged that certain negroes belonged to him and not to his testator, and it was held that he must prove his title.
If we had concurred in defendant’s view as to the force of the answer, we should have been saved from the necessity of defending the jurisdiction of the Court in this case; for taking the whole answer to be true, it exhibits a case of voluntary payment by plaintiffs’ testator of defendant’s debt, as to which *63 there was no plain and adequate remedy at law,and probably none in this Court. No person can be rendered a debtor without his contract.
The disallowance of interest is further urged for the reason that defendant maintained plaintiffs’ testator. This fact of maintenance is not proved; and if it had been, would not, of itself, have arrested the interest. In Lloyd vs. Carter, 2 Atk. 84, a party was exempted from interest, he had agreed to pay for maintenance, where he had furnished the maintenance specifically; but here there is no necessary connection between maintenance and interest, and no pretence that one should be set off against the other by any agreement of the parties.
The Chancellor in his decree made the plaintiff from the assets of his testator, pay the costs accrued at the hearing, but manifestly did not contemplate that defendant should pursue the litigation at plaintiffs’ expense.
It is ordered and decreed that the appeal be dismissed, and that defendant pay the costs of the appeal.
Dunkin & Dargan, C.C., concurred.

Appeal dismissed.